1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  SCOTT C. MATHER, State Bar No. 190912
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5709
     Fax: (415) 703-5843
8    Email: Scott.Mather@doj.ca.gov

9  Attorneys for Respondent Ben Curry

10

11           IN THE UNITED STATES DISTRICT COURT

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

| | |
|---|---|
| IVAN VON STAICH,<br><br>          Petitioner,<br><br>     v.<br><br>BEN CURRY, Warden,<br><br>          Respondent. | C07-04647 PJH<br><br>NOTICE AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Judge:   The Honorable<br>         Phyllis J. Hamilton |

21  TO PETITIONER IVAN VON STAICH:

22       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules

23  Governing § 2254 Cases in the United States District Courts, Respondent moves the Court for an

24  order dismissing the above-entitled action on the grounds that (1) Petitioner's claim challenging

25  the delay in holding a parole consideration hearing is moot, and (2) Petitioner has failed to

26  exhaust his state court remedies as to the three additional claims raised in his federal habeas

27  Petition, and therefore the Petition is an improper mixed petition. No hearing is requested.

28       This motion is based on the notice and motion; the supporting memorandum of points and

authorities; and the pleadings, records, and files in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

Respondent submits the following memorandum of points and authorities in support of this motion to dismiss:

### PRELIMINARY STATEMENT

This is a federal habeas corpus action brought by a California prisoner. In issuing the Order to Show Cause, this Court indicated that "Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases [§ 2254 Rules]." (Order to Show Cause, at 2.) Rule 4 provides district courts with ample discretionary authority to tailor the proceedings to dispose quickly, efficiently, and fairly of petitions "that lack substantial merit while preserving more extensive proceedings for those petitions raising serious questions." Rule 4 of § 2254 Rules; *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). In instances where the court has not summarily dismissed the petition, but rather ordered respondent to plead to it, a respondent may satisfy its initial pleading requirement by moving to dismiss the petition where procedural reasons may obviate the need for a full answer on the merits. Rule 4 of § 2254 Rules & Advisory Committee Notes; *White*, 874 F.2d at 602. Accordingly, because Petitioner's claims are moot or unexhausted, Respondent moves to dismiss the Petition in lieu of filing an answer.

### ARGUMENT

### I.

**THIS PETITION SHOULD BE DISMISSED AS MOOT BECAUSE PETITIONER HAS RECEIVED THE PAROLE HEARING HE ALLEGES WAS UNLAWFULLY DELAYED.**

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Sea-Land Service, Inc. v. International Long Shoremen's and Warehousemen's Union*, 939 F.2d 866, 870 (1991). A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In order to satisfy the case-or-controversy requirement, the parties must

have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001).

Here, Petitioner challenges the Board's failure to hold a timely parole consideration hearing, which Petitioner alleges was to have been held by November 5, 2006, given that he received a four-year parole denial on November 5, 2002. (Pet'n; Order to Show Cause, at 2.) But as this Court stated, Petitioner does not allege "whether the hearing has now been held." (Order to Show Cause, at 2.) Petitioner received his parole consideration hearing on May 10, 2007 (Ex. 1), and thus his claim challenging the Board's delay in holding this hearing is moot. *Spencer*, 523 U.S. at 7; *Verdin*, 243 F.3d at 1177.

## II.

**THIS PETITION MUST BE DISMISSED BECAUSE IT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS.**

A federal habeas petitioner must exhaust his available state court remedies before a federal court may grant his petition. 28 U.S.C. § 2254(b)(1)(A). If one or more claims in the federal petition have not been exhausted, the district court must dismiss the petition as an improper mixed petition (one containing both exhausted and unexhausted claims). *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)); *Jefferson v. Budge*, 419 F.3d 1013, 1015-16 (9th Cir. 2005) (holding that the exhaustion requirement is not met if any of the claims asserted in the federal petition have not been exhausted). This rule provides the state courts a full and fair opportunity to resolve federal constitutional claims before they are presented to the federal court, thus "protect[ing] the state courts' role in the enforcement of federal law." *Rose*, 455 U.S. at 518.

It is the petitioner's burden to prove he has exhausted his state court remedies as to each and every claim in his federal habeas petition. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it [citations] . . . or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A petitioner has not exhausted the available state court remedies "if he

has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In California, a petitioner exhausts a federal claim by fairly presenting it to the California Supreme Court. *Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir. 1986).

Here, Petitioner challenged in the California Supreme Court, and the lower state courts, solely the Board's alleged delay in holding his next parole consideration hearing. (Ex. 2, Cal. Super. Ct. Pet'n; Ex. 3, Cal. Super. Ct. Order; Ex. 4, Cal. Ct. Appeal Pet'n; Ex. 5, Cal. Ct. Appeal Order; Ex. 6, Cal. Sup. Ct. Pet'n; Ex. 7, Cal. Sup. Ct. Order.) Indeed, each of Petitioner's state court petitions contained the same two-page argument regarding this claim. (Exs. 2, 4, 6.) In his federal Petition, however, Petitioner not only raises this exhausted claim, he also asserts three additional unexhausted claims challenging his alleged unlawful retention in prison on the grounds that: (1) he has far exceeded the minimum term for his sentence (Pet'n, Mem. of P.&A., at 1-4); (2) the Board has unlawfully failed to impose his sentence by not setting a parole release date (*id.* at 4-7); and (3) the evidence in favor of his parole would have been more compelling had the Board not delayed in holding his most recent hearing. (*Id.* at 7-8.) As a result, because Petitioner did not fairly present to the California Supreme Court all his federal claims, his federal Petition must be dismissed on the ground that it is an improperly filed mixed petition. *Pliler,* 542 U.S. at 227; *Jefferson,* 419 F.3d at 1015-16.

Petitioner is not precluded from exhausting his state court remedies for these claims in state court. Petitioner could either file a habeas corpus petition in the proper California superior court or he could proceed directly to the California Supreme Court, which has original jurisdiction to review petitions for writs of habeas corpus. Cal. Const. art. VI, § 10. In fact, Petitioner currently is challenging the May 2007 parole denial in the Monterey County Superior Court. (Ex. 8, Sep. 28, 2007 Order.) Accordingly, because Petitioner has therefore not "reach[ed] the point where he has no state remedies available to him," *Peterson v. Lampert,* 319 F.3d 1153, 1156 (9th Cir. 2003), his federal Petition must be dismissed.

Finally, when an inmate's federal habeas petition is dismissed for failure to exhaust state remedies as a mixed petition, the inmate generally has the option of either returning to state court

1  to exhaust any unexhausted claims or amending his petition to proceed solely on any exhausted
2  claim. *Rose*, 455 U.S. at 510; *Jefferson*, 419 F.3d at 1015-16. In this case, however, Petitioner
3  should not be allowed to proceed on an amended petition as to his exhausted claim regarding the
4  delay in holding his next parole consideration hearing because this claim is moot. (*See supra*
5  Arg. I.) Accordingly, his Petition should be denied.

## CONCLUSION

7  Petitioner's claim regarding the delayed parole consideration hearing is moot because
8  Petitioner received a hearing in May 2007. Further, the Petition is an improper mixed petition
9  given that Petitioner asserts three additional claims that were not raised, much less exhausted, in
10 state court. Accordingly, Respondent respectfully requests that the Petition be dismissed.

11 Dated: November 14, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*[signature]*

SCOTT C. MATHER
Deputy Attorney General
Attorneys for Respondent

20107528.wpd
SF2007200735

Notice and Mot. to Dismiss; Mem. of Ps&As

*Von Staich v. Curry*
C07-04647 PJH

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Von Staich v. Curry**

No.:   **C07-04647 PJH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **November 15, 2007**, I served the attached

### NOTICE AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Ivan Von Staich, E-10079**
**Correctional Training Facility**
**P.O. Box 686**
**Soledad, CA 93960-0686**
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 15, 2007**, at San Francisco, California.

_____
J. Palomino
Declarant

_____
Signature

40186597.wpd