1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7    IVAN VON STAICH,

8                            Petitioner,              No. C 07-4647 PJH (PR)

9       vs.                                           **ORDER GRANTING
                                                      RESPONDENT'S MOTION TO
10   BEN CURRY, Warden,                               DISMISS**

11                           Respondent.
     _____/                (Docket no. 4)

12

13         Petitioner, a California prisoner incarcerated at the Correctional Training Facility in

14   Soledad ("CTF"), has filed a petition for a writ of habeas corpus for failure by the Board of

15   Parole Hearings ("Board") to hold a parole suitability hearing.  Respondent has filed a

16   motion to dismiss the petition on the grounds that petitioner's claim challenging the Board's

17   delay in holding a hearing is moot and that petitioner has failed to exhaust his state

18   remedies as to the additional claims raised in the petition.  For the reasons set forth below,

19   the motion to dismiss is granted.

20                                  **BACKGROUND**

21         In December 1985, petitioner was convicted of second degree murder and

22   attempted murder, and was sentenced to an indeterminate term of seventeen years to life.

23         The Board held an initial parole suitability hearing on November 5, 2002, and found

24   petitioner unsuitable for parole.  The Board denied parole for four years from that date.

25   Petitioner did not receive a subsequent parole suitability hearing by November 5, 2006;

26   however, one was held on May 9 and 10, 2007.

27         On January 5, 2007, petitioner filed a petition for writ of habeas corpus in Marin

28   County Superior Court, challenging the Board's failure to hold a timely parole hearing as a

**United States District Court**
For the Northern District of California

1  violation of his due process rights.  Mot. Dismiss Ex. 2.  On March 8, 2007, the superior

2  court denied the petition as moot after being advised that the petitioner's parole eligibility

3  hearing had been scheduled for May 2007.  *Id.*, Ex. 3.  Petitioner subsequently filed a

4  habeas petition in the court of appeal, which denied relief, and a petition for review in the

5  state supreme court, which denied review.  *Id.*, Exs. 4 -7.

6          Petitioner filed this petition for writ of habeas corpus on September 10, 2007.

7  Following the court's issuance of an order to show cause, respondent filed this motion to

8  dismiss.  Petitioner filed an opposition, and the motion is submitted for decision.

9                                              **DISCUSSION**

10         Respondent moves to dismiss the petition on the grounds that the claim challenging

11  the untimely parole hearing is moot in light of the May 2007 hearing, and that the remaining

12  claims are unexhausted because petitioner did not fairly present those claims for review to

13  the state courts.  Petitioner maintains that his claims were fairly presented, and, even if

14  they were not, they are exhausted because no further avenue of state court review remains

15  available to him.

16  **I.     Mootness**

17         Petitioner claims that the Board violated his right to due process by failing to hold a

18  subsequent parole hearing after the four-year denial elapsed on November 5, 2006.

19  Respondent argues that the petition is moot because petitioner has received the redress he

20  seeks in this petition, namely, a subsequent parole suitability hearing.

21         The "case or controversy" provision in Article III, Section 2 of the United States

22  Constitution requires that throughout the litigation, the complainant "must have suffered, or

23  be threatened with, an actual injury traceable to the defendant and likely to be redressed by

24  a favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

25  The redress petitioner seeks in the petition is outright release from custody.  However, the

26  only relief available to petitioner on his claim that the delay in his parole suitability hearing

27  violates due process is a further hearing, not release from custody.  *See Greenholtz v.*

28  *Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (there is "no

                                                    2

United States District Court

For the Northern District of California

1  constitutional or inherent right of a convicted person to be conditionally released before the

2  expiration of a valid sentence"). If a prisoner succeeds on his claim that his right to due

3  process was violated by being deprived a parole suitability hearing, the only benefit that he

4  is entitled to is a hearing, which does not guarantee parole or a shortened sentence. *See*

5  *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997); *accord Anyanwutaku v. Moore*, 151

6  F.3d 1053, 1055-56 (D.C. Cir. 1998). To the extent petitioner had a cognizable injury from

7  the delay in his parole suitability hearing, this injury is no longer redressable because

8  petitioner has already received a further hearing, the only redress for which he is eligible in

9  this matter. To the extent that petitioner claims he has been prejudiced by the delayed

10  hearing which in turn delayed his release on parole, any such prejudicial impact claim is

11  rendered moot by the Board's subsequent denial of parole in May 2007.[1] Accordingly,

12  petitioner's claim is moot.

13  **II.    Unexhausted Claims**

14      Respondent challenges as unexhausted several new arguments that are raised in

15  this petition but were not brought in his state habeas petitions: (1) petitioner has exceeded

16  the minimum sentence for second degree murder; (2) the Board violated his due process

17  rights in sentencing by not setting a parole release date; and (3) the Board should have

18  held a timely hearing to consider his favorable February 2006 psychological report within a

19  reasonable time.

20      It appears that petitioner raises these arguments to support his underlying claim that

21  the Board's failure to hold a subsequent parole hearing by November 5, 2006, violated his

22  right to due process. That claim is moot for the reasons stated above. To the extent that

23  petitioner raises new claims challenging the delayed parole hearing, those claims are

24  dismissed as unexhausted.

25

26

27  _____

28      [1]    The court notes that on February 7, 2008, petitioner filed another habeas petition in this court challenging the Board's May 2007 decision: *Von Staich v. Curry*, No. 08-0848 PJH.

**United States District Court**
For the Northern District of California

1    Prisoners in state custody who wish to challenge collaterally in federal habeas

2    proceedings either the fact or length of their confinement are first required to exhaust state

3    judicial remedies, either on direct appeal or through collateral proceedings, by presenting

4    the highest state court available with a fair opportunity to rule on the merits of each and

5    every claim they seek to raise in federal court.  28 U.S.C. § 2254(b), (c).  *See Rose v.*

6    *Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981);

7    *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).  The state's highest court must be

8    given an opportunity to rule on the claims even if review is discretionary.  *See O'Sullivan v.*

9    *Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the

10   State's established appellate review process").

11   As a general rule, a petitioner satisfies the exhaustion requirement by fairly

12   presenting the federal claim to the appropriate state courts in the manner required by the

13   state courts, thereby affording the state courts a meaningful opportunity to consider

14   allegations of legal error.  *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert.*

15   *denied*, 545 U.S. 1146 (2005).  If a petitioner's available state remedies have not been

16   exhausted as to all claims, the district court must dismiss the petition.  *See Rose*, 455 U.S.

17   at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  A dismissal solely for failure to

18   exhaust is not a bar to returning to federal court after exhausting available state remedies.

19   *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

20   Petitioner contends that his claim challenging the Board's failure to hold a timely

21   hearing was fairly presented to the California Supreme Court.  The petitions in state court

22   allege that the Board had not conducted a hearing at the time of filing the petitions, and that

23   the Board had not notified petitioner of any valid reason for failing to conduct a hearing.

24   Answer Exs. 2, 4, 6.  As respondent concedes, petitioner exhausted state remedies as to

25   that claim, which has been rendered moot by the subsequent parole hearing held in May

26   2007.

27   The state petitions do not, however, discuss or refer to his present claims that (1) he

28   has exceeded the minimum sentence for second degree murder; (2) the Board violated his

4

United States District Court

For the Northern District of California

1  sentencing due process rights by failing to set a release date; and (3) the Board should

2  have held a timely hearing to consider his favorable February 2006 psychological report

3  within a reasonable amount of time.  Petitioner argues that his state petitions cited *U.S. v.*

4  *Dodgett*, 906 F.2d 573 (11th Cir. 1990), *rev'd*, 505 U.S. 647 (1992), which should have

5  fairly informed the state courts of his claim that his delayed parole hearing violated his right

6  to a speedy trial.  His petition, however, does not raise a speedy trial violation.  To the

7  extent that the federal petition raises additional challenges to the delayed parole hearing,

8  those claims were not fairly presented in his state petitions for relief.  *See Casey*, 386 F.3d

9  at 911-12.  Therefore, these claims are dismissed as unexhausted without prejudice to

10  filing another federal petition after properly exhausting available state remedies.[2]

11          Generally, if a petition combines exhausted and unexhausted claims, it must be

12  dismissed with leave to amend to delete the unexhausted claims so that the court can then

13  consider those which remain.  *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000),

14  *cert. denied*, 533 U.S. 941 (2001).  Leave to amend the petition to delete the unexhausted

15  claims will not be granted here because the only exhausted claim has been rendered moot

16  by the Board's May 2007 hearing, and no other exhausted claims remain.

17          Rather than dismiss, the court may stay a mixed petition to allow the petitioner to

18  return to state court to exhaust the unexhausted issue or issues.  *Rhines v. Weber*, 544

19  U.S. 269, 277-78 (2005).  However, once a district court determines that a habeas petition

20  contains only unexhausted claims, it may simply dismiss the petition for failure to exhaust.

21  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).   The entire petition is therefore

22  dismissed without leave to amend.  *See* 28 U.S.C. § 2254(b); *Rose*, 455 U.S. at 520.

23  ///

24  ///

25

26

27  ───────────────────────

28      [2]    If petitioner has already exhausted his state remedies and brought these claims in his February 2008 habeas petition (No. 08-848 PJH), he may not raise these claims again in a second or successive petition.  28 U.S.C. § 2244(b)(1).

1

**CONCLUSION**

2          For the reasons stated above, respondent's motion to dismiss (docket no. 4) is

3   GRANTED without prejudice to filing a new petition after exhausting available state

4   remedies.  The petition is DISMISSED without leave to amend.

5          The clerk of the court shall enter judgment in accordance with this order, terminate

6   all pending motions, and close the file.

7          **IT IS SO ORDERED.**

8

9   Dated: June 19, 2008          _____

10                                              PHYLLIS J. HAMILTON
                                              United States District Judge

11

12

13

14

15

16   G:\PRO-SE\PJH\HC.07\VonSTAICH4647.MTD.wpd

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California