IVAN VON STAICH
E-10079 AQ-1315
California Mens Colony State Prison
P.O.Box 8101
San Luis Obispo, Ca. 93409-8101

(Petitioner In Pro Se)

FILED

08 JUL 28 PM 2:33

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

* * *

| | |
|---|---|
| IVAN VON STAICH,<br><br>    Petitioner-Appellant,<br><br>vs.<br><br>BEN CURRY, Warden,<br><br>    Respondent-Appellee. | Docket No._____<br>(C.D.Cal. No. C 07-4647 PJH PR)<br>APPEAL BASED ON THE DENIAL OF FEDERAL HABEAS CORPUS UNDER 28 U.S.C. §2254 ET SEQ;<br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIS APPEAL BEFORE THE HONORABLE NINTH CIRCUIT JUSTICES |

Appeal from the Northern District
Federal Court of California,
Hon. Phyllis J. Hamilton

I.

**INTRODUCTION**

**Petitioner-Appellant Ivan Von Staich, (hereotafter Appellant)** moves this Honorable Appeals Court to immediately intervene and grant this appeal based on the deliberate refusal of the Northern District Court to follow the United States Supreme Court Citation of **Sibron v. New York**, 392 U.S. 40, 57, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968) ("a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequence will be imposed on the basis

Page-1-Appeal

of the challenged conviction"; also see **U.S. ex rel. Groundset v. Franzen**, 675 F.2d 870, 873 (7th Cir.1982); and **Glenn v. Dallman**, 686 F.2d 418, 422 (6th Cir.1982); same **U.S. v. Smith**, 997 F.2d 674, 686 (10th Cir.1993); same **U.S. v. Duclos**, 382 F.3d 62, 66 (1st Cir.2004); and also **U.S. v. Wilson**, 240 Fed.Appx. 139, 144 (7th Cir.2007).

II.

CONSTITUTIONAL VIOLATION OF DUE PROCESS COMMITTED BY CALIFORNIA BOARD OF PRISON HEARINGS COMMISSIONERS.

On November 5, 2002, this inmate was given a 4 year parole denial by the BPH Commissioners. Appellant was to see the BPH Commissioners again on November 5, 2006, however, Appellant did not see the BPH Commissioners on November, 5, 2002, but after filing for a late hearing in the Marin County Superior Court, which was granted, Appellant finally received the statutorily required parole hearing on May 9 and 10, 2007. The problem is Appellant has never received back the time he lost between the statutorily scheduled parole hearing of November 5, 2006 and May 9-10, 2007. This five months of credit is part of Appellant's overall time served on his second degree murder life sentence, which the BPH Commissioners have no legal right to remove from Appellant's over all second degree murder indeterminate sentence.

III.

APPELLANT MAINTAINS THAT HIS ARGUMENT IS NOT MOOT BECAUSE HE HAS NEVER RECEIVED THE FIVE MONTHS THAT HE LOST IN BETWEEN THE UNJUSTIFIABLE OVER DUE PAROLE HEARING.

Appellant absolutely maintains that his grounds for relief are not moot because they are capable of repetition and he should

Page-2-Appeal

not be deprived of appellate review. See **Hubbart v. Knapp**, 379 F.3d 773, 777-78 (9th Cir. 2004); and **Paluzzi v. Solis** (9th Cir. 2007). Moverover, when will Appellant ever be credited with the five (5) months he lost in between the two parole hearings, and therefore, it can be reasonably expected that the same complaining party will be subjected to the same action again by the BPH Commissioners. See **Spencer v. Kemna**, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); and see Sibron, supra, 392 U.S. at 52-53 ("We do not believe that people deprived of constitutional rights at this level should be left utterly remediless and defenseless against repetitions of unconstitutional conduct"); see **United States v. Munoz**, 233 F.3d 1117, 1127 (9th Cir.2000).

Conclusion

Appellant is not asking the Court for his released, but is only trying to gain back the five months of served credits he loss between the actual schedule parole hearing of November 5, 2006 and the late hearing held on May 9-10, 2007. Every time Appellant receives a subsequent parole hearing in the future he will be five months over due for the schedule hearing, which Appellant believes is not moot and therefore, the Northern District Court's decision denying this petition should be reversed.

Dated this 15th day of July, 2008.

Respectfully Submitted,

_____
IVAN VON STAICH
E-10079 AQ-1315
Appellant In Pro Se
Without Bar Licensed Counsel

**PROOF OF SERVICE BY MAIL
BY A PERSON IN STATE CUSTODY**

I, <u>Ivan Von Staich</u>, declare:

I am over 18 years of age and I am party to this action. I am a resident of California Men's Colony State Prison, in the County of San Luis Obispo. My prison address is:

>IVAN VON STAICH CDC&R # E-10079
>California Men's Colony State Prison
>P.O.Box 8101 (AQ-1315)
>San Luis Obispo, Ca. 93409-8101

On  7-15-08 , I served the attached:

Ninth Circuit Appeal

on the party herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in the deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follow:

>U.S. Court of Appeals
>P.O.Box 193939
>San Francisco, Ca. 94119-3939

Attn: Filing Clerk

>Office of the Attorney General
>455 Golden Gate Ave., Suite 11000
>San Francisco, Ca. 94102-7004

I declare under penalty of perjury under the laws of the State California that the foregoing is true and correct.

Executed on this 15th day of July, 2008, in the City of San San Luis Obispo, State of California.

Ivan Von Staich E-10079 (AQ-1315)

_[signature]_
Declarant