IVAN VON STAICH
E-10079 AQ-1315
California Mens Colony State Prison
P.O.Box 8101
San Luis Obispo, Ca. 93409-8101

FILED

08 JUL 28 PM 2: 33

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(Petitioner In Pro Se)

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

* * *

| | |
|---|---|
| IVAN VON STAICH,<br><br>    Petitioner-Appellant,<br><br>    vs.<br><br>BEN CURRY, Warden,<br><br>    Respondent-Appellee. | Docket No._____<br><br>(N.D.Cal. No. C 07-4647 PJH (PR))<br><br>E X C E R P T S   O F   R E C O R D |

Appeal from the Northern District
Federal Court of California,
Hon. Judge Phyllis J. Hamilton

TO THE HONORABLE PRESIDING JUSTICES OF THE NINTH CIRCUIT

Petitioner-Appellant Ivan Von Staich, (heretoafter Appellant) presents the following excerpt of record for the Court's convenience, as follows:

1. A complete copy of the N.D.Cal. District Court dismissal order dated June 19, 2008.

I swear under penalty of perjury that the forgoing legal document

Page-1-Excerpts of Record

is 100% original and has not been modified what-so-ever.

These Excerpts of Record were executed on this $\lfloor \overline{ST}$ day of July,

2008, in the City of San Luis Obispo, State of California.

Ivan Von Staich E-10079 (AQ-1315)

Declarant In Pro Se
Without Bar Licensed Counsel

Page-2-Excerpts of Record

Excerpts of Record


O N E: N. D.   C A L.   ORDER OF DISMISSAL....

**FILED**

JUN 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

          Petitioner,

   vs.

BEN CURRY, Warden,

          Respondent.

_____/

No. C 07-4647 PJH (PR)

**ORDER GRANTING
RESPONDENT'S MOTION TO
DISMISS**

(Docket no. 4)

Petitioner, a California prisoner incarcerated at the Correctional Training Facility in Soledad ("CTF"), has filed a petition for a writ of habeas corpus for failure by the Board of Parole Hearings ("Board") to hold a parole suitability hearing. Respondent has filed a motion to dismiss the petition on the grounds that petitioner's claim challenging the Board's delay in holding a hearing is moot and that petitioner has failed to exhaust his state remedies as to the additional claims raised in the petition. For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

In December 1985, petitioner was convicted of second degree murder and attempted murder, and was sentenced to an indeterminate term of seventeen years to life.

The Board held an initial parole suitability hearing on November 5, 2002, and found petitioner unsuitable for parole. The Board denied parole for four years from that date. Petitioner did not receive a subsequent parole suitability hearing by November 5, 2006; however, one was held on May 9 and 10, 2007.

On January 5, 2007, petitioner filed a petition for writ of habeas corpus in Marin County Superior Court, challenging the Board's failure to hold a timely parole hearing as a

1  violation of his due process rights. Mot. Dismiss Ex. 2. On March 8, 2007, the superior
2  court denied the petition as moot after being advised that the petitioner's parole eligibility
3  hearing had been scheduled for May 2007. *Id.*, Ex. 3. Petitioner subsequently fjled a
4  habeas petition in the court of appeal, which denied relief, and a petition for review in the
5  state supreme court, which denied review. *Id.*, Exs. 4 -7.

6         Petitioner filed this petition for writ of habeas corpus on September 10, 2007.
7  Following the court's issuance of an order to show cause, respondent filed this motion to
8  dismiss. Petitioner filed an opposition, and the motion is submitted for decision.

## DISCUSSION

10        Respondent moves to dismiss the petition on the grounds that the claim challenging
11 the untimely parole hearing is moot in light of the May 2007 hearing, and that the remaining
12 claims are unexhausted because petitioner did not fairly present those claims for review to
13 the state courts. Petitioner maintains that his claims were fairly presented, and, even if
14 they were not, they are exhausted because no further avenue of state court review remains
15 available to him.

16 **I.    Mootness**

17        Petitioner claims that the Board violated his right to due process by failing to hold a
18 subsequent parole hearing after the four-year denial elapsed on November 5, 2006.
19 Respondent argues that the petition is moot because petitioner has received the redress
20 he seeks in this petition, namely, a subsequent parole suitability hearing.

21        The "case or controversy" provision in Article III, Section 2 of the United States
22 Constitution requires that throughout the litigation, the complainant "must have suffered, or
23 be threatened with, an actual injury traceable to the defendant and likely to be redressed
24 by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477
25 (1990). The redress petitioner seeks in the petition is outright release from custody.
26 However, the only relief available to petitioner on his claim that the delay in his parole
27 suitability hearing violates due process is a further hearing, not release from custody. *See*
28 *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979)

2

1  (there is "no constitutional or inherent right of a convicted person to be conditionally
2  released before the expiration of a valid sentence"). If a prisoner succeeds on his claim
3  that his right to due process was violated by being deprived a parole suitability hearing, the
4  only benefit that he is entitled to is a hearing, which does not guarantee parole or a
5  shortened sentence. See Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); accord
6  Anyanwutaku v. Moore, 151 F.3d 1053, 1055-56 (D.C. Cir. 1998). To the extent petitioner
7  had a cognizable injury from the delay in his parole suitability hearing, this injury is no
8  longer redressable because petitioner has already received a further hearing, the only
9  redress for which he is eligible in this matter. To the extent that petitioner claims he has
10  been prejudiced by the delayed hearing which in turn delayed his release on parole, any
11  such prejudicial impact claim is rendered moot by the Board's subsequent denial of parole
12  in May 2007.[1] Accordingly, petitioner's claim is moot.

13  **II.    Unexhausted Claims**

14      Respondent challenges as unexhausted several new arguments that are raised in
15  this petition but were not brought in his state habeas petitions: (1) petitioner has exceeded
16  the minimum sentence for second degree murder; (2) the Board violated his due process
17  rights in sentencing by not setting a parole release date; and (3) the Board should have
18  held a timely hearing to consider his favorable February 2006 psychological report within a
19  reasonable time.

20      It appears that petitioner raises these arguments to support his underlying claim that
21  the Board's failure to hold a subsequent parole hearing by November 5, 2006, violated his
22  right to due process. That claim is moot for the reasons stated above. To the extent that
23  petitioner raises new claims challenging the delayed parole hearing, those claims are
24  dismissed as unexhausted.

25

26

27      [1]    The court notes that on February 7, 2008, petitioner filed another habeas petition
28  in this court challenging the Board's May 2007 decision: Von Staich v. Curry, No. 08-0848
PJH.

3

1             Prisoners in state custody who wish to challenge collaterally in federal habeas
2 proceedings either the fact or length of their confinement are first required to exhaust state
3 judicial remedies, either on direct appeal or through collateral proceedings, by presenting
4 the highest state court available with a fair opportunity to rule on the merits of each and
5 every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c). *See Rose v.*
6 *Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981);
7 *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be
8 given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v.*
9 *Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the
10 State's established appellate review process").

11             As a general rule, a petitioner satisfies the exhaustion requirement by fairly
12 presenting the federal claim to the appropriate state courts in the manner required by the
13 state courts, thereby affording the state courts a meaningful opportunity to consider
14 allegations of legal error. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert.*
15 *denied*, 545 U.S. 1146 (2005). If a petitioner's available state remedies have not been
16 exhausted as to all claims, the district court must dismiss the petition. *See Rose*, 455 U.S.
17 at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to
18 exhaust is not a bar to returning to federal court after exhausting available state remedies.
19 *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

20             Petitioner contends that his claim challenging the Board's failure to hold a timely
21 hearing was fairly presented to the California Supreme Court. The petitions in state court
22 allege that the Board had not conducted a hearing at the time of filing the petitions, and
23 that the Board had not notified petitioner of any valid reason for failing to conduct a
24 hearing. Answer Exs. 2, 4, 6. As respondent concedes, petitioner exhausted state
25 remedies as to that claim, which has been rendered moot by the subsequent parole
26 hearing held in May 2007.

27             The state petitions do not, however, discuss or refer to his present claims that (1) he
28 has exceeded the minimum sentence for second degree murder; (2) the Board violated his

United States District Court
For the Northern District of California

1   sentencing due process rights by failing to set a release date; and (3) the Board should
2   have held a timely hearing to consider his favorable February 2006 psychological report
3   within a reasonable amount of time. Petitioner argues that his state petitions cited *U.S. v.*
4   *Dodgett*, 906 F.2d 573 (11th Cir. 1990), *rev'd*, 505 U.S. 647 (1992), which should have
5   fairly informed the state courts of his claim that his delayed parole hearing violated his right
6   to a speedy trial. His petition, however, does not raise a speedy trial violation. To the
7   extent that the federal petition raises additional challenges to the delayed parole hearing,
8   those claims were not fairly presented in his state petitions for relief. *See Casey*, 386 F.3d
9   at 911-12. Therefore, these claims are dismissed as unexhausted without prejudice to
10  filing another federal petition after properly exhausting available state remedies.[2]

11         Generally, if a petition combines exhausted and unexhausted claims, it must be
12  dismissed with leave to amend to delete the unexhausted claims so that the court can then
13  consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000),
14  *cert. denied*, 533 U.S. 941 (2001). Leave to amend the petition to delete the unexhausted
15  claims will not be granted here because the only exhausted claim has been rendered moot
16  by the Board's May 2007 hearing, and no other exhausted claims remain.

17         Rather than dismiss, the court may stay a mixed petition to allow the petitioner to
18  return to state court to exhaust the unexhausted issue or issues. *Rhines v. Weber*, 544
19  U.S. 269, 277-78 (2005). However, once a district court determines that a habeas petition
20  contains only unexhausted claims, it may simply dismiss the petition for failure to exhaust.
21  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The entire petition is therefore
22  dismissed without leave to amend. *See* 28 U.S.C. § 2254(b); *Rose*, 455 U.S. at 520.
23  ///
24  ///
25
26
27

[2]   If petitioner has already exhausted his state remedies and brought these claims
28  in his February 2008 habeas petition (No. 08-848 PJH), he may not raise these claims again
in a second or successive petition. 28 U.S.C. § 2244(b)(1).

5

**CONCLUSION**

For the reasons stated above, respondent's motion to dismiss (docket no. 4) is GRANTED without prejudice to filing a new petition after exhausting available state remedies. The petition is DISMISSED without leave to amend.

The clerk of the court shall enter judgment in accordance with this order, terminate all pending motions, and close the file.

**IT IS SO ORDERED.**

Dated: _June 19, 2008_                      _____
                                           PHYLLIS J. HAMILTON
                                           United States District Judge

G:\PRO-SE\PJH\HC.07\VonSTAICH4647.MTD.wpd

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

      Petitioner,

v.

BEN CURRY et al,

      Respondent.

_____/

Case Number: CV07-04647 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ivan Von Staich E-10079
Correctional Training Facility-Central
CW-137L
P.O. Box 689
Soledad, CA 93960

Dated: June 19, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

**FILED**

JUN 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

            Petitioner,                 No. C 07-4647 PJH (PR)

  vs.                            **JUDGMENT**

BEN CURRY, Warden,

            Respondent.

_____/

Pursuant to the court's order entered today dismissing the petition for a writ of habeas corpus, judgment is entered in favor of respondent and against petitioner. Petitioner shall obtain no relief by way of his petition.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: _Jun 19 2008_                    _____
                                        PHYLLIS J. HAMILTON
                                        United States District Judge

G:\PRO-SE\PJH\HC.07\VonStaich4647.judgmt.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

Case Number: CV07-04647 PJH

·Petitioner,

**CERTIFICATE OF SERVICE**

v.

BEN CURRY et al,

Respondent.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ivan Von Staich E-10079
Correctional Training Facility-Central
CW-137L
P.O. Box 689
Soledad, CA 93960

Dated: June 19, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

**PROOF OF SERVICE BY MAIL
BY A PERSON IN STATE CUSTODY**

I, **Ivan Von Staich**_____, declare:

I am over 18 years of age and I am party to this action. I am

a resident of California Men's Colony State Prison, in the County

of San Luis Obispo. My prison address is:

>               IVAN VON STAICH CDC&R # E-10079
>               California Men's Colony State Prison
>               P.O.Box 8101 (AQ-1315)
>               San Luis Obispo, Ca. 93409-8101

On_____7·15·0⟨_____, I served the attached:

---

— E X C E R P T S  O F  R E C O R D

---

on the party herein by placing true and correct copies thereof,
enclosed in a sealed envelope (verified by prison staff), with
postage thereon fully paid, in the United States Mail in the deposit
box so provided at the above-named institution in which I am
presently confined. The envelope was addressed as follow:

>               U.S. Court of Appeals
>               P.O.Box 193939
>               San Francisco, Ca. 94119-3939
>
>               Attn: Filing Clerk
>
>               Office of the Attorney General
>               455 Golden Gate Ave., Suite 11000
>               San Francisco, Ca. 94102-7004

I declare under penalty of perjury under the laws of the State

California that the foregoing is true and correct.

Executed on this___1⟨⁺⟨__day of July, 2008, in the City of San

San Luis Obispo, State of California.

Ivan-Von Staich E-10079 (AQ-1315)

Declarant